**SHAYNE BROS., Inc.,**
v.
**The UNITED STATES.**
No. 450–54.

United States Court of Claims.
Jan. 31, 1956.

Solomon Dimond, New York City, for plaintiff.

Edgar H. Brenner, Washington, D. C., with whom was Acting Asst. Atty. Gen. George S. Leonard, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is before us on exceptions to the report of the Commissioner and for final decision.

Plaintiff sues for the cost of disposing of trash collected by it from the military reservation of Fort Myer in Arlington County, Virginia. Arlington County charged plaintiff $2,473.95 for disposing of this trash in its incinerator. For this amount plaintiff sues.

Pursuant to invitation, plaintiff bid on a contract for the removal of trash from Fort Myer. Both the invitation for bids and the contract entered into contained the following in section 1 of the Special Conditions:

"The work covered by these specifications consists of furnishing all trucks and labor necessary to collect all refuse from points designated on applicable drawings and delivery of this refuse to such a disposal point off the post as may be chosen by the contractor. This off post disposal area will be the responsibility of the contractor, and all refuse will become the property of the contractor and will be removed from the post, except as hereinafter specified."

Section 6 thereof reads:

"*Disposal:* The Contractor will be responsible for the disposal of all refuse, off the post at such place or places chosen by him. The Government will in no way be responsible for the refuse once it is on the contractor's trucks."

In addition, section 16 required the bidder to investigate the conditions surrounding the work, the character of the facilities needed for the prosecution of the work "and all other matters which can in any way affect the work or the cost thereof under this contract." And it was further provided: "Any failure of the contractor to acquaint himself with all available information concerning these conditions will not relieve him from responsibility for estimating properly the difficulty or cost of successfully performing the work. * * *"

Since the contract quite clearly cast upon the contractor the duty of disposing of the trash, it is difficult to see how it can charge the defendant with the cost thereof.

The findings show that the contracting officer, before letting such a contract for the previous year, found upon investigation that the trash could not be dumped on the Arlington County dump and that surrounding counties and also the District of Columbia would not permit trash from Fort Myer to be disposed of through their incinerators. It was for this reason that he incorporated in the contract for the previous year and for the year in question such explicit provisions casting upon the contractor the responsibility for disposing of it.

In its effort to hold defendant liable, plaintiff relies solely upon the fact that Arlington County opened an incinerator about six months before the present contract was let, and that on the date the bids were opened it addressed and mail-

ed to the Commanding Officer at Fort Myer a letter notifying him that trash from Fort Myer might be disposed of in the County incinerator upon the payment of $1.00 per ton. Plaintiff complains that this was not called to its attention, and that the failure to do so constituted the withholding of material information amounting to a misrepresentation.

It is clear that this position is untenable. In the first place, plaintiff's bid was submitted the day before Arlington County's letter was mailed to the Commanding Officer; and, further, it is almost impossible that the Commanding Officer should have received this letter before the bids were opened, it having been mailed on the day the bids were opened; and certainly his subordinate, the Sanitary Engineer, was not apprized of it until thereafter. Nor does the proof show that he had knowledge of it prior to awarding the contract to plaintiff.

But, whether he had knowledge of it or not is really immaterial, because it is not shown that the contracting officer knew that plaintiff meant to dispose of the trash through this incinerator, and, even if he had known it, he was not called upon to apprize plaintiff of the cost of doing so, because the sole responsibility for disposing of the trash was on the plaintiff, and the contract made it plaintiff's duty to investigate conditions, including the cost of disposing of it. If plaintiff wanted to dispose of it through the Arlington County incinerator, it was obliged to ascertain the possibility thereof and the cost thereof. The contracting officer knew this and had a right to assume that plaintiff had made the necessary investigation and had ascertained the cost of doing so.

There is no basis for recovery by plaintiff, and its petition is accordingly dismissed.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.